1    **BRYAN CAVE LLP**
     Jed White (California Bar No. 232339)
2    120 Broadway, Suite 300
     Santa Monica, California 90401-2386
3    Telephone: (310) 576-2100
     Facsimile: (310) 576-2200
4    Email: jed.white@bryancave.com

5    Attorneys for Defendants MEHUL PATEL
     aka MIKE PATEL; CHIRAG PATEL
6    aka CHUCK PATEL; NEWCREST HOTELS,
     LTD.; and CORSICANA LODGING, LLC.
7



8

9                    UNITED STATES DISTRICT COURT
10
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

12   JASBIR SANGHA,                      Case No.
                                         **CV11-06970** DSF (FMOx)
13          Plaintiff,
                                         [Los Angeles Superior Court
14      v.                               Case No. BC459820]

15   MEHUL PATEL aka MIKE PATEL;         **NOTICE OF REMOVAL OF**
     CHIRAG PATEL aka CHUCK PATEL;       **ACTION UNDER 28 U.S.C. §§**
16   JAGMOHAN DHILLON; DHILLON           **1332 AND 1441**
     MANAGEMENT, INC., a California      **(DIVERSITY JURISDICTION)**
17   corporation; HARMINDER DHILLON;
     GURENDER S. SAHANI; TARLOCHAN S.    **DEMAND FOR JURY TRIAL**
18   KATARIA; NEW HOPE HOSPITALITY,
     LLC, STARLITE HOTELS, LTD, a Texas
19   limited partnership; NEWCREST HOTELS,
     LTD, a Texas limited partnership;
20   CORSICANA LODGING, LLC, a Texas
     limited liability company; and DOES 1
21   through 100, inclusive,

22          Defendants.

23

24

25

26

27

28

     6139777.1
                              NOTICE OF REMOVAL

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2         PLEASE TAKE NOTICE THAT Defendants Mehul Patel, Chirag Patel,

3    Newcrest Hotels, Ltd., and Corsicana Lodging, LLC. (collectively, the "Removing

4    Defendants") hereby remove to this Court the state court action described below.

5         1.    On March 15, 2011, Plaintiff originally filed this lawsuit in Superior

6    Court for Los Angeles County, California.  Because that suit included a claim for

7    RICO violations under United States statutes, Defendant Jagmohan Dhillon

8    removed the case to this Court where it was assigned Case No. 2:11-cv-02974-

9    RGK-VBK.  Upon removal, Plaintiff promptly dropped the suit ("the first suit")

10   pursuant to Federal Rule of Civil Procedure 41(a) on April 13, 2011.

11        2.    On April 18, 2011, Plaintiff refiled his suit in Superior Court for Los

12   Angeles County, California where it was assigned the above captioned case number,

13   which is BC459820.  In this second suit, Plaintiff asserts all of the same claims as

14   the first suit except Plaintiff dropped his RICO claim.  Further, this second suit

15   involves all the same Defendants, except that Harminder Dhillon and Dhillon

16   Management, Inc., who Plaintiff contends are California residents, were added to

17   this second suit.  A true and correct copy of the April 18, 2011 Complaint served on

18   the Removing Defendants by certified mail on July 26, 2011 is attached to this

19   Notice as Exhibit "A."   Removing Defendants have not been served with a

20   summons in this action.  Because there is diversity of citizenship between the

21   Plaintiff and Defendants and/or certain Defendants were fraudulently joined, the

22   Removing Defendants hereby remove this case.

23        3.    This action is a civil action that could have been filed in this Court

24   pursuant to 18 U.S.C. § 1332, and is therefore one that may be removed to this

25   Court by the Removing Defendants pursuant to the provisions of 28 U.S.C. § 1441.

26   Furthermore, although Plaintiff has not pled a specific amount that he seeks in this

27   matter, the damages clearly exceed $75,000.00 as required by 28 U.S.C. § 1332(b).

28   To this end, among other damages sought by Plaintiff, he seeks to rescind settlement

1 | agreements under which he was paid at least $200,000.00 by check and $223,000.00
2 | in promissory notes.

3 |     4.    The Removing Defendants, as well as all other properly joined
4 | Defendants, are and have been at all times relevant to this matter, including at the
5 | time of filing, citizens and residents of other states or nations. To this end, the
6 | moving Defendants are all citizens and residents of Texas. As Plaintiff himself pled
7 | in his Complaint, Mehul Patel are Chirag Patel are citizens and residents of Texas.
8 | Similarly, as Plaintiff's Complaint states Defendants Newcrest Hotel Ltd. is a Texas
9 | limited partnership and Corsicana Lodging, LLC. is a Texas limited liability
10 | company. Both are headquartered in Irving, Texas. *See* Exhibit B, company filings
11 | with the Texas Secretary of State.

12 |     5.    Further, upon information and belief, the Removing Defendants
13 | understand that the remaining Defendants properly joined here are citizens and
14 | residents of states or countries other than California, which is where Plaintiff is a
15 | citizen and resides.

16 |     6.    To this end, Jagmohan Dhillon is and has at all relevant times been a
17 | resident and citizen of Texas. *See* Exhibit C, Declaration of Jagmohan Dhillon.[1]

18 |     7.    Similarly, the moving Defendants are informed and believe that
19 | Defendant Dhillon Management, Inc. no longer exists.[2] Based on information and
20 | belief, there is a Texas limited liability company named Dhillon Management, LLC,
21 | headquartered in Frisco, Texas. *See* Exhibit E, Texas Franchise Tax Report.
22 | Accordingly, it appears there is no California company by the name of Dhillon
23 | Management, Inc. that can be a proper party to this suit. Further, the Removing

25 | [1] This case is related to Cause No. 2:11-cv-03724-RGK-VBK. It involves many of
26 | the same Defendants, the transactions are similar, and both cases involve at least one of the same properties.

27 | [2] The California Secretary of State's Office indicates that Dhillon Management, Inc.
28 | is no longer an active and authorized company. *See* Exhibit D, California Secretary of State report.

1   Defendants do not believe Plaintiff has stated a cause of action against Dhillon
2   Management or pled a factual basis that actually ties it to Plaintiff's causes of
3   action.      Additionally, the Removing Defendants do not believe Dhillon
4   Management, LLC has been served in this matter.

5        8.      Plaintiff has pled that Defendant Harminder Dhillon is a resident of
6   California.   However, based on information and belief, the moving Defendants
7   understand that Defendant Harminder Dhillon's domicile is in the nation of India.
8   Furthermore, the moving Defendants do not believe Harminder Dhillon has been
9   served in this matter.  They also believe Plaintiff has fraudulently joined him to this
10  suit.  To this end, Plaintiff's Complaint does not actually state a cause of action
11  against him or plead a factual basis that actually ties him as an individual to
12  Plaintiff's causes of action.  At most, Plaintiff has only articulated claims against
13  Harminder Dhillon in his capacity as an agent.  Plaintiff has not sued him in his
14  individual capacity or capacity as a principle.   Further to this end, Plaintiff's
15  Complaint here is almost identical to his Complaint in the first suit with two
16  substantive exceptions.  First, Plaintiff dropped his federal RICO claim.  Second,
17  Plaintiff added Harminder Dhillon and Dhillon Management, who he claims are
18  California residents, as Defendants.

19       9.      Based on information and belief and as set forth in Plaintiff's
20  Complaint, Defendants Gurender Sahani and Tarlochan Kataria are citizens and
21  residents of the states of Connecticut and New York, respectively.

22       10.     Additionally, based on information and belief and as set forth in
23  Plaintiff's Complaint, the Removing Defendants understand that Defendant New
24  Hope Hospitality, LLC is a Texas limited liability company with its headquarters
25  located in Corsicana, Texas.  Additionally, the Removing Defendants do not believe
26  New Hope Hospitality, LLC has been served in this matter.

27       11.     Further, based on information and belief and as set forth in Plaintiff's
28  Complaint, the Removing Defendants understand that Defendant Starlite Hotels,

1  Ltd. is a Texas limited partnership with its headquarters located in Corsicana, Texas.
2  Additionally, the Removing Defendants do not believe Starlite Hotels, Ltd. has been
3  served in this matter.

4      12.    Furthermore, the members of the limited liability companies named as
5  Defendants here are all among the individually named Defendants or are citizens of
6  states other than California.  For the reasons set forth above, to the extent a limited
7  liability company's residence is determined by the residency of its members, the
8  limited liability companies are not California residents or citizens.

9      13.    For the foregoing reasons, there is complete diversity as required by 28
10  U.S.C. § 1332.

11      14.    This removal is timely made because it is made within thirty (30) days
12  of the Removing Defendants' receipt of the Complaint and less than one year since
13  the case was originally filed.  *See* 28 U.S.C. § 1446(b).

14      15.    The other Defendants named in the Complaint who have been served in
15  this action, consent to and join in the removal of this action to federal court through
16  their counsel of record.  *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208,
17  1225 (9th Cir. 2009) ("[T]he filing of a notice of removal can be effective without
18  individual consent documents on behalf of each defendant. One defendant's timely
19  removal notice containing an averment of the other defendants' consent and signed
20  by an attorney of record is sufficient.").

21      16.    Recently, another matter asserting the same causes of action against
22  several of the same Defendants arising out the same or similar transactions was
23  removed to this Court.  It was assigned Case No. 2:11-cv-03724-RGK-VBK.
24  Additionally, as mentioned, this case is a reincarnation of the suit brought by
25  Plaintiff earlier this year, which was removed to this Court and assigned Case No.
26  2:11-cv-02974-RGK-VBK before it was dismissed voluntarily by Plaintiff.
27  Accordingly, the Removing Defendants are concurrently filing a Notice of Related
28  case pursuant to Local Rule 83-1.3.

NOTICE OF REMOVAL

17.    Notice of this removal will be provided to the state court immediately upon receipt of a file stamped copy of this removal pursuant to 28 U.S.C. § 1446(d).

18.    Exhibit A to this Notice of Removal, which is Plaintiff's Complaint, comprises a copy of all of the process, pleadings, and orders served upon the Removing Defendants in this matter.

Dated:  August 24, 2011

BRYAN CAVE LLP

_____
Jed P. White

Attorneys for Defendants MEHUL PATEL aka MIKE PATEL, CHIRAG PATEL aka CHUCK PATEL, NEWCREST HOTELS, LTD., and CORSICANA LODGING, LLC.

# EXHIBIT A

# Exhibit A

## TO THE NOTICE OF REMOVAL OF ACTION
## UNDER 28 U.S.C. §§ 1332 AND 1441

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**  MEHUL PATEL aka MIKE PATEL; CHIRAG
*(AVISO AL DEMANDADO):*  PATEL aka CHUCK PATEL; JAGMOHAN
DHILLON; DHILLON MANAGEMENT, INC., a California corporation;
HARMINDER DHILLON; GURENDER S. KATARIA; TARLOCHAN S.
KATARIA; NEW HOPE HOSPITALITY, LLC, STARLITE HOTELS, LTD, a
Texas limited partnership; NEWCREST HOTELS, LTD, a Texas limited
partnership; CORSICANA LODGING, LLC, a Texas limited liability company;
and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**  JASBIR SANGHA
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 18 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
AMBER LaFLEUR-CLAYTON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT, COUNTY OF LOS ANGELES
111 N. HILL STREET
LOS ANGELES, CALIFORNIA 90012
CENTRAL DISTRICT

CASE NUMBER:
*(Número del Caso):*
BC 459 820

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Craig R. Smith, Esq. (#180338)          818-703-6057          818-703-6058
SMITH LAW FIRM, APLC
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367

DATE:          JOHN A. CLARKE, CLERK          AMBER LaFLEUR-CLAYTON          , Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

RECEIVED

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

APR 18 2011

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   BY: _____

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT A          PAGE 7**

1   CRAIG R. SMITH (State Bar No. 180338)
    SMITH LAW FIRM
2   A Professional Law Corporation
    21550 Oxnard Street, Suite 760
3   Woodland Hills, California 91367
    Telephone:  (818) 703-6057
4   Facsimile:   (818) 703-6058

5   Attorneys for Plaintiff Jasbir Sangha

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             FOR THE COUNTY OF LOS ANGELES

10

11   JASBIR SANGHA,           )  CASE NO.   **B C 4 5 9 8 2 0**

12          Plaintiff,      )  COMPLAINT FOR:

13     vs.                ) 1)  RESCISSION BASED ON FRAUD;
                        ) 2)  FRAUD;
14   MEHUL PATEL aka MIKE PATEL; CHIRAG ) 3)  FRAUD;
    PATEL aka CHUCK PATEL; JAGMOHAN   ) 4)  FRAUDULENT CONCEALMENT;
15   DHILLON; DHILLON MANAGEMENT, INC., ) 5)  UNFAIR BUSINESS PRACTICE IN
    a California corporation; HARMINDER    )     VIOLATION OF CALIFORNIA
16   DHILLON; GURENDER S. SAHANI;      )     BUSINESS & PROFESSIONS CODE
    TARLOCHAN S. KATARIA; NEW HOPE   )     §17200 et seq.
17   HOSPITALITY, LLC; STARLITE HOTELS, )
    LTD, a Texas limited partnership; NEWCREST )
18   HOTELS, LTD, a Texas limited partnership; )
    CORSICANA LODGING, LLC, a Texas    )
19   limited liability company; and DOES 1 through )
    100, inclusive,                )
20                       )
         Defendants.       )
21   _____ )

22

23       COMES NOW Plaintiff, for causes of action against Defendants, and each of them, as

24   follows:

25                      **INTRODUCTORY ALLEGATIONS**

26       1.     Plaintiff JASBIR SANGHA ("Sangha") is and at all times relevant herein was a

27   resident of the County of San Bernardino, State of California.

28

                             - 1 -
                        COMPLAINT

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 18 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
KEI GARCIA-CHATION

2.     Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendant MEHUL PATEL aka MIKE PATEL ("M. Patel") is and at all times relevant herein was a resident of Dallas, Texas.

3.     Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendant CHIRAG PATEL aka CHUCK PATEL ("C. Patel") is and at all times relevant herein was a resident of Dallas, Texas.

4.     Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendant JAGMOHAN DHILLON ("Dhillon") is and at all times relevant herein was a resident of Dallas, Texas.

5.     Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendant DHILLON MANAGEMENT, INC., ("DMI") was at all times relevant herein was a California corporation with its principal place of business in Modesto, California.

6.     Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendant HARMINDER DHILLON is and at all times relevant herein was a resident of Modesto, California. At all times relevant herein, HARMINDER DHILLON acted as on behalf of Dhillon, aided and abetted Dhillon in perpetrating all the acts alleged herein, and acted in concert with Dhillon in perpetrating all the acts alleged herein.

7.     Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendant GURENDER S. SAHANI ("Sahani") was at all times relevant herein was a resident of the State of Connecticut.

8.     Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendant TARLOCHAN S. KATARIA ("Kataria") was at all times relevant herein was a resident of State of New York.

9.     Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendant NEW HOPE HOSPITALITY, LLC, ("New Hope") is a Texas limited liability company.

10.    Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendant STARLITE HOTELS, LTD ("Starlite"), is a Texas limited partnership.

- 2 -
COMPLAINT

11.    Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendant NEW CREST HOTELS, LTD ("New Crest"), is a Texas limited partnership.

12.    Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendant CORSICANA LODGING, LLC ("Corsicana") is a Texas limited liability company.

13.    Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendants and each of them are, and at all times herein mentioned were, the agents, joint venturers, officers, members, representatives, servants, consultants or employees of their co-Defendants, and in committing the acts herein alleged, were acting within the scope of such affiliation with the knowledge, permission, consent or subsequent ratification of their co-Defendants.

14.    Plaintiff is informed and believes and on the basis of said information and belief alleges that M. Patel and C. Patel on the one hand, and Sagestar, Corsican and Holdings on the other hand, at certain times, all of which are relevant herein, have and had such unity of interest, and that M. Patel and C. Patel controlled and dominated the businesses of Sagestar, Corsicana and Holdings, that there existed a unity of ownership, interest and identity between these Defendants.

15.    Plaintiff is informed and believes and on the basis of said information and belief alleges that adherence to the fiction of a separate existence of Sagestar, Corsicana and Holdings as entities distinct from M. Patel and C. Patel would permit an abuse of corporate privilege and would sanction fraud and promote injustice in that M. Patel and C. Patel and DOES 1 through 10, were in fact so intertwined with Sagestar, Corsicana and Holdings so as to make M. Patel, C. Patel, Sagestar, Corsicana and Holdings one and the same. Plaintiff is informed and believes and on the basis of said information and belief alleges that Sagestar, Corsicana and Holdings are mere shells and a sham. Plaintiff is informed and believes and on the basis of said information and belief alleges that Sagestar, Corsicana and Holdings were, at certain relevant times herein, the alter-egos of M. Patel and C. Patel in that M. Patel and C. Patel used the assets of Sagestar,

- 3 -
**COMPLAINT**

**EXHIBIT A        PAGE 10**

1   Corsicana and Holdings for their own use, freely transferred property between them, commingled

2   funds, and kept inadequate and deficient corporate records.

3        16.    Plaintiff is informed and believes and on the basis of said information and belief

4   alleges that Dhillon and HARMINDER DHILLON on the one hand, and Starlite, New Hope,

5   New Crest and DMI on the other hand, at certain times, all of which are relevant herein, have and

6   had such unity of interest, and that Dhillon and HARMINDER DHILLON controlled and

7   dominated the businesses of Starlite, New Hope, New Crest and DMI, that there existed a unity

8   of ownership, interest and identity between these Defendants.

9        17.    Plaintiff is informed and believes and on the basis of said information and belief

10  alleges that adherence to the fiction of a separate existence of Starlite, New Hope, New Crest and

11  DMI as entities distinct from Dhillon and HARMINDER DHILLON would permit an abuse of

12  corporate privilege and would sanction fraud and promote injustice in that Dhillon and

13  HARMINDER DHILLON and DOES 11 through 20, were in fact so intertwined with Starlite,

14  New Hope, New Crest and DMI so as to make Dhillon, HARMINDER DHILLON and Starlite,

15  New Hope, New Crest and DMI one and the same.  Plaintiff is informed and believes and on the

16  basis of said information and belief alleges that Starlite, New Hope, New Crest and DMI are

17  mere shells and a sham.  Plaintiff is informed and believes and on the basis of said information

18  and belief alleges that Starlite, New Hope, New Crest and DMI were, at certain relevant times

19  herein, the alter-egos of Dhillon and HARMINDER DHILLON in that Dhillon and

20  HARMINDER DHILLON used the assets of Starlite, New Hope, New Crest and DMI for their

21  own use, freely transferred property between them, commingled funds, and kept inadequate and

22  deficient corporate records.

23       18.    Defendants DOES 1 through 100, inclusive, are sued pursuant to the provisions of

24  California Code of Civil Procedure, Section 474.  Plaintiff is ignorant of the true names and

25  capacities of Defendants DOES 1 through 100.  Plaintiff is informed and believes and on the

26  basis of said information and belief alleges that all fictitiously named Defendants and each of

27  them have some connection with the activities herein complained of, and are responsible in some

28  way for the wrongful conduct herein alleged.

- 4 -
**COMPLAINT**

**EXHIBIT A**        **PAGE 11**

19.     Plaintiff is informed and believes and on the basis of said information and belief alleges that M. Patel, C. Patel and Dhillon engaged in a scheme to defraud buyers of hotel real estate and businesses in the State of Texas.  As part of that scheme, these Defendants would travel to other states to find buyers.

20.     Plaintiff is informed and believes and on the basis of said information and belief alleges that the scheme operated as follows: M. Patel and C. Patel used their various entities would pose as real estate developers who built and sold hotels.  Dhillon posed as a successful real estate developer and hotelier who would purchase hotel properties from M. Patel and C. Patel.  Dhillon would then pitch the investment to California investors promising high returns and guarantees of their investment.  Dhillon then caused the buyers to sign land sale contracts with severe forfeiture provisions in order to lock the investors into the transaction and secure their funds.  Dhillion would solicit enough investors to accumulate cash sufficient to obtain bank financing for the transactions.   Dhillon would then form an entity to act as buyer, and enter into a new contract with the Patel Defendants under the entity name.  Dhillon then moved the buyers' funds into the new buyer entity and seek bank financing, oftentimes on the credit and guarantees of the investors, to purchase the hotel from the Patel Defendants at inflated prices.

21.     Once the transactions were consummated, Dhillon and the Patel Defendants would split the proceeds of the sale.

22.     The relationship between Dhillon, on the one hand, and M. Patel and C. Patel on the other hand, was at all times concealed from Plaintiff by Dhillion and Patel Defendants

23.     In or early part of 2007, Dhillon traveled to the Los Angeles to meet with Plaintiff. Like Plaintiff, Dhillon is of Indian descent and he used his heritage, religion and culture as a means to feign trust in Plaintiff.

24.     Dhillon represented himself to be a successful real estate investor and hotelier who could deliver profitable hotel real estate investments.  Dhillon claimed to be able to deliver cash returns of at least 20%.  Even if funds were being borrowed on home equity lines or credit cards, others had made money by investing with him and he could deliver the same or better

- 5 -
**COMPLAINT**

**EXHIBIT A          PAGE 12**

1   results.  Plaintiff had no prior experience within the hotel industry and the Texas hotel market,

2   relied solely upon the representations of Dhillon and his alleged knowledge and expertise.

3       25.    In February 2007, Dhillon presented an investment opportunity in a yet to be

4   constructed hotel in Palestine, Texas.  Dhillon represented that he would be Plaintiff's partner in

5   the investment.  Based on the representations and assurances of Dhillon, Plaintiff invested

6   $50,000.

7       26.    In or about July 2007, Dhillon presented two investment opportunities to Plaintiff

8   for a soon to be built Hampton Inn in Sweetwater, Texas ("Sweetwater") and Holiday Inn

9   Express in Ennis, Texas ("Ennis").  Dhillon lured Plaintiff into these investments with promises

10  of high returns and "guarantees" of his investment and that he "could get their money back at

11  anytime within the first year" if they were unsatisfied.   Dhillon presented in the form of a

12  Contract for Deed.  Dhillon included one Harwant Dhillon as a buyer, to whom Dhillon

13  represented was his father.

14      27.    The seller of Sweetwater was only to be known as the Buyers as West Texas

15  Hotels, LLC and the seller of Ennis only as Ennis Lodging, LLC.  Unbeknown to Plaintiff, West

16  Texas Hotels, LLC and Ennis Lodging, LLC were fronts for M. Patel and C. Patel and these

17  transactions were an enterprise of the Defendants.

18      28.    Dhillon presented yet another hotel investment to Plaintiff.  This time it was two

19  hotels on adjoining lots in Corsicana, Texas; a Holiday Inn Express and a Hampton Inn (the

20  "Corsicana Properties").  The transaction differed from the prior transactions, as the investors

21  were putting their money into entities solely run and operated by Dhillon.   Starlite Hotels, LLC

22  was the purchaser of the Holiday Inn Express and New Hope Hospitality, LLC was the purchaser

23  of the Hampton Inn.

24      29.    The transaction was done in two parts: The transaction for the Holiday Inn

25  Express was purchased with traditional financing and the Hampton Inn was purchased with a

26  Contract for Sale, which was financed in July 2008.  The total purchase price was $15.25 million.

27  Plaintiff, together with other investors lured into the transaction by Dhillon, invested $323,700

28  into Starlite and New Hope.  When Dhillon formed Starlite and New Hope, he used

- 6 -

**COMPLAINT**

**EXHIBIT A          PAGE 13**

1  HARMINDER DHILLON as a member and managing member so that DHILLON could
2  manipulate and control those entities.

3      30.   Construction on Ennis was completed and Dhillon began operating the hotel.

4      31.   The scheme unraveled in August 2009.  After returning from a trip to India,
5  Plaintiff discovered that Dhillon had forged Plaintiff's signature to loan documents, and used
6  false and fraudulent financial statements in an effort to obtain bank financing to pay the Patel
7  Defendants for the Holiday Inn Express - Ennis transaction.  Plaintiff obtained the fraudulent
8  documents from One World Bank and at that time advised One World Bank of the fraudulent
9  nature of the documents.

10     32.   At that time, Plaintiff also advised Dhillon and the Patel Defendants that he had
11 discovered their scheme.  It was at that time that Plaintiff sought to terminate his relationship
12 with Dhillon and the Patel Defendants and get back all the money he had invested.

13     33.   In August 2009, the Patel Defendants immediately came to California to meet
14 with Plaintiff to negotiate a return of his investments in the Palestine, Ennis and Corsicana
15 transactions.  That is when Dhillon and the Patel Defendants perpetrated their additional fraud on
16 Plaintiff.

17     34.   Dhillon and the Patel Defendants knew they needed to put a lid One World Bank
18 fraud, but also needed to clear the way to obtain bank financing for Corsicana transactions.  M.
19 Patel, acting on behalf of Dhillon and all of the other Patel Defendants, negotiated a deal
20 whereby Dhillon, Sahani and Katari (the "Dhillon Defendants") would buy out Plaintiff's
21 membership interest in New Hope.  Plaintiff received some cash and the balance was to be paid
22 by a promissory note secured against other hotel properties.  M. Patel represented and warranted
23 that the properties used to secure the promissory note had sufficient equity to satisfy the
24 obligation.

25     35.   Unknown to Plaintiff, at the time these negotiations were ongoing, Dhillon was
26 impairing the title to the properties to be used to secure the promissory note by recording liens
27 such that Plaintiff had no security at all.

28

- 7 -
**COMPLAINT**

**EXHIBIT A      PAGE 14**

36.     As part of the transaction, the Dhillon Defendants and the Patel Defendants forced Plaintiff to give them all a release of liability in an effort to get out from under the forgery and bank fraud at One World Bank and in an effort cap off their liability in the amount of the promissory note.

## FIRST CAUSE OF ACTION

## RESCISSION BASED ON FRAUD

### Against all Defendants

37.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 36 above, as though fully set forth herein.

38.     After Plaintiff discovered that Defendants forged his signature to loan documents and otherwise submitted false information to One World Bank, Defendants knew that they needed to obtain a release of all claims from Plaintiff to prevent Plaintiff from airing these facts in litigation or otherwise.

39.     Defendants engaged in a scheme to make Plaintiff believe that in exchange for giving them a release, that Defendants would refund to Plaintiff all of his investments in the various hotels. Defendants induced Plaintiff by giving Plaintiff some of his money back up front, but then inducing him to accept a promissory note for the balance of his investment. Because Defendants' knew that Plaintiff would not trust them to pay, Defendants went further.

40.     In or about August 2009, M. Patel and C. Patel traveled to California for the specific purpose of meeting with Plaintiff and perpetrating the referenced fraud. M. Patel and C. Patel met with Plaintiff in California and during that meeting induced Plaintiff to enter into various agreements. Defendants induced Plaintiff to agree to accept a promissory note as repayment of his investment. As an additional inducement to Plaintiff, Defendants pledged security for the repayment of the note. Defendants offered to give Plaintiff deeds of trust secured against various real properties owned by and among the Defendants as security for the repayment of the note. Defendants represented and warranted that each of the individual properties securing the promissory note had equity in excess of the amount of the note.

- 8 -
COMPLAINT

41.   To finalize the transaction, M. Patel traveled to California again in October 2009 and again met with Plaintiff in order to induce him to agree to Defendants' proposal.

42.   Plaintiff is informed and believes and on the basis of said information and belief alleges that the representations of Defendants were false. Defendants knowingly induced Plaintiff to accept a promissory note they knew would never be repaid. Further, Defendants knew that the real properties offered as security for the promissory note was over encumbered. Plaintiff is further informed and believe that prior to entering into the transaction with Plaintiff, Defendants caused false and fraudulent liens to be secured against the properties offered as security in order to undermine the security offered to Plaintiff. All of Defendants' conduct was designed to insure that Plaintiff was never repaid on the promissory note.

43.   M. Patel went even further. As an additional inducement to lured Plaintiff into agreeing to accept a promissory note, M. Patel feigned to guarantee repayment of the note. The guarantee was feighed, as the promissory note was written in such a fashion that Defendants could prevent Plaintiff from ever benefitting from the guarantee.

44.   On the basis of Defendants' fraud, Plaintiff executed that certain Mutual Release purporting to release Defendants from all claims associated with his investments with Defendants, including the One World Bank fraud.

45.   Defendants fraudulently induced Plaintiff to execute the Mutual Release.

46.   As a result, the consent of Plaintiff to enter into the Mutual Release was procured by fraud, as alleged herein. Unless the Mutual Release is rescinded, Plaintiff will suffer irreparable harm.

## SECOND CAUSE OF ACTION

### FOR FRAUD

#### Against all Defendants

47.   Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 46 above, as though fully set forth herein.

48.   After Plaintiff discovered that Defendants forged his signature to loan documents and otherwise submitted false information to One World Bank, Defendants knew that they

- 9 -
COMPLAINT

**EXHIBIT A**          **PAGE 16**

1  needed to obtain a release of all claims from Plaintiff to prevent Plaintiff from airing these facts

2  in litigation or otherwise.

3        49.    Defendants engaged in a scheme to make Plaintiff believe that in exchange for

4  giving them a release, that Defendants would refund to Plaintiff all of his investments in the

5  various hotels.  Defendants induced Plaintiff by giving Plaintiff some of his money back up front,

6  but then inducing him to accept a promissory note for the balance of his investment.  Because

7  Defendants' knew that Plaintiff would not trust them to pay, Defendants went further.

8        50.    In or about August 2009, M. Patel and C. Patel traveled to California for the

9  specific purpose of meeting with Plaintiff and perpetrating the referenced fraud.  M. Patel and C.

10  Patel met with Plaintiff in California and during that meeting induced Plaintiff to entered into

11  various agreements.  Defendants induced Plaintiff to agree to accept a promissory note as

12  repayment of his investment.  As an additional inducement to Plaintiff, Defendants pledged

13  security for the repayment of the note.  Defendants offered to give Plaintiff deeds of trust secured

14  against various real properties owned by and among the Defendants as security for the repayment

15  of the note.  Defendants represented and warranted that the each of the individual properties

16  securing the promissory note had equity in excess of the amount of the note.

17        51.    To finalize the transaction, M. Patel traveled to California again in October 2009

18  and again met with Plaintiff in order to induce him to agree to Defendants' proposal.

19        52.    Plaintiff is informed and believes and on the basis of said information and belief

20  alleges that the representations of Defendants were false.  Defendants knowingly induced

21  Plaintiff to accept a promissory note they knew would never be repaid.  Further, Defendants

22  knew that the real properties offered as security for the promissory note was over encumbered.

23  Plaintiff is further informed and believe that prior to entering into the transaction with Plaintiff,

24  Defendants caused false and fraudulent liens to be secured against the properties offered as

25  security in order to undermine the security offered to Plaintiff.  All of Defendants' conduct was

26  designed to insure that Plaintiff was never repaid on the promissory note.

27        53.    M. Patel went even further.  As an additional inducement to lured Plaintiff into

28  agreeing to accept a promissory note, M. Patel feigned to guarantee repayment of the note.  The

- 10 -

COMPLAINT

1  guarantee was feigned, as the promissory note was written in such a fashion that Defendants

2  could prevent Plaintiff from ever benefitting from the guarantee.

3      54.    As a direct and proximate result of the conduct of Defendants, Plaintiff has been

4  damaged.  The full nature, extent and amount of Plaintiff's damages have yet to be ascertained.

5  Plaintiff will amend this Complaint to set forth the amount of damages suffered when so

6  ascertained, however, in any event will be established at the time of trial according to proof.

7      55.    Plaintiffs are informed and believe and on the basis of said information and belief

8  allege that Defendants' fraudulent conduct was taken with the intent to injure Plaintiff, or with a

9  willful and conscious disregard of Plaintiffs' right to property.  Plaintiff is informed and believes

10  and on the basis of said information and belief allege that such fraudulent conduct constitutes

11  clear and convincing evidence of despicable, outrageous, oppressive, and malicious conduct

12  pursuant to California Civil Code §3294.  As such, Plaintiff is entitled to punitive damages and

13  exemplary damages against Defendants for the sake of example and to punish Defendants for

14  their unlawful conduct.

15              **THIRD CAUSE OF ACTION**

16                **FOR FRAUD**

17              Against all Defendants

18      56.    Plaintiffs incorporate by this reference each and every allegation contained in

19  paragraphs 1 through 55 above, as though fully set forth herein.

20      57.    Defendants fraudulently induced Plaintiff into making investments in the various

21  real estate investments as set forth herein.

22      58.    Dhillon represented himself to be an experienced real estate investor with

23  particular expertise in hotel properties.  Further, Dhillon represented that he had expertise in the

24  Texas real estate market.  Further, Dhillon represented that he was an experienced hotel operator.

25  As part of those representations, Dhillon further represented that Plaintiff would receive 20% or

26  more return on their investment.  As part of those representations, Dhillon further represented

27  that Plaintiff could get all of their money back any time during the first year of their investment

28  for any reason.

- 11 -
**COMPLAINT**

59.     Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendants made such representations knowing of the falsity thereof and with the intent to defraud Plaintiff into making the various hotel investments.

60.     Plaintiff relied on the representations of Defendants in investing in the transactions.  There was no reasonable way under the circumstances for Plaintiff to discover Defendants' fraud.  Defendants' fraudulent misrepresentations substantially influenced Plaintiff's decision to make the investments and agree to be part of the various entities owning those investments.

61.     Defendants and other unnamed co-conspirators, knowingly and willfully conspired and agreed among themselves and worked in concert with one another toward the common goal of damaging Plaintiffs by the aforementioned fraud.  The actions taken in furtherance of the conspiracy resulted in direct benefits to Defendants in that they have received personal financial benefits they would not have otherwise received.  The actions of Defendants resulted in direct harm to Plaintiff.

62.     Further, Defendants aided and abetted the fraud by Dhillon by knowingly giving substantial assistance or encouragement to Dhillon in the commission of those acts.

63.     As a direct and proximate result of the conduct of Defendants, Plaintiff has been damaged.  The full nature, extent and amount of Plaintiff's damages have yet to be ascertained. Plaintiff will amend this Complaint to set forth the amount of damages suffered when so ascertained, however, in any event will be established at the time of trial according to proof.

64.     Plaintiffs are informed and believe and on the basis of said information and belief allege that Defendants' fraudulent conduct was taken with the intent to injure Plaintiff, or with a willful and conscious disregard of Plaintiffs' right to property.  Plaintiff is informed and believes and on the basis of said information and belief allege that such fraudulent conduct constitutes clear and convincing evidence of despicable, outrageous, oppressive, and malicious conduct pursuant to California Civil Code §3294.  As such, Plaintiff is entitled to punitive damages and exemplary damages against Defendants for the sake of example and to punish Defendants for their unlawful conduct.

- 12 -
**COMPLAINT**

## FOURTH CAUSE OF ACTION

## FOR FRAUDULENT CONCEALMENT

### Against all Defendants

65.    Plaintiff incorporates by this reference each and every allegation contained in paragraphs 1 through 64 above, as though fully set forth herein.

66.    Defendants concealed their relationship between themselves in order to create the false impression that the transactions were legitimate arms-length transactions. Because Defendants were working through the Dhillon Defendants who has posed as partners with Plaintiff in these transactions, Defendants had a duty to disclose all facts and information they had concerning the transactions, including but not limited to (1) The true relationship between Dhillon Defendants and the Patel Defendants; (2) The financial arrangement between the Dhillon Defendants and the Patel Defendants; (3) The self-dealing as alleged herein; and (4) The inflated value of the real estate being purchased as alleged herein.

67.    The foregoing were material facts that should have been disclosed.

68.    Defendants and other unnamed co-conspirators, knowingly and willfully conspired and agreed among themselves and worked in concert with one another toward the common goal of damaging Plaintiff by the aforementioned fraud. The actions taken in furtherance of the conspiracy resulted in direct benefits to Defendants in that they have received personal financial benefits they would not have otherwise received. The actions of Defendants resulted in direct harm to Plaintiff.

69.    Further, Defendants aided and abetted the fraud by Dhillon by knowingly giving substantial assistance or encouragement to Dhillon in the commission of those acts.

70.    As a direct and proximate result of the conduct of Defendants, Plaintiff has been damaged. The full nature, extent and amount of Plaintiff's damages have yet to be ascertained. Plaintiff will amend this Complaint to set forth the amount of damages suffered when so ascertained, however, in any event will be established at the time of trial according to proof.

71.    Plaintiff is informed and believes and on the basis of said information and belief alleges that Defendants' fraudulent conduct was taken with the intent to injure Plaintiff, or with a

- 13 -
COMPLAINT

**EXHIBIT A          PAGE 20**

1  willful and conscious disregard of Plaintiff's rights and property.  Plaintiff is informed and

2  believes and on the basis of said information and belief alleges that such fraudulent conduct

3  constitutes clear and convincing evidence of despicable, outrageous, oppressive, and malicious

4  conduct pursuant to California Civil Code §3294.  As such, Plaintiff is entitled to punitive

5  damages and exemplary damages against Defendants for the sake of example and to punish

6  Defendants for their unlawful conduct.

7                              **FIFTH CAUSE OF ACTION**

8                  **FOR UNFAIR BUSINESS PRACTICE IN VIOLATION OF**

9                  **CALIFORNIA BUSINESS & PROFESSIONS CODE §17200**

10                                       *et seq.*

11                              Against all Defendants

12       72.     Plaintiff incorporates by this reference each and every allegation contained in

13  paragraphs 1 through 71 above, as though fully set forth herein.

14       73.     Each of the acts alleged herein is either unfair, illegal or fraudulent and has

15  damaged Plaintiffs as set forth herein.

16       74.     Plaintiff is entitled to recovery of the funds rightfully belonging to them but taken

17  by Defendants as a result of their unfair competition and are entitled to the disgorgement of said

18  ill-gotten gains and the restitution thereof, pursuant to both principles of common law and the

19  provisions of California Business & Professions Code §17203.

20       WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them as

21  follows:

22                       **ON THE FIRST CAUSE OF ACTION**

23       1.     For  Rescission of the Mutual Release and such other documents as necessary;

24       2.     For consequential and incidental damages according to proof;

25       3.     For punitive and exemplary damages according to proof at trial.

26                       **ON THE SECOND CAUSE OF ACTION**

27       1.     That Defendants be ordered to pay to Plaintiff's damages in an amount according

28  to proof;

                                    - 14 -
                                  **COMPLAINT**

2.     For consequential and incidental damages according to proof;

3.     For punitive and exemplary damages according to proof at trial.

<u>ON THE THIRD CAUSE OF ACTION</u>

1.     That Defendants be ordered to pay to Plaintiff's damages in an amount according to proof;

2.     For consequential and incidental damages according to proof;

3.     For punitive and exemplary damages according to proof at trial.

<u>ON THE FOURTH CAUSE OF ACTION</u>

1.     That Defendants be ordered to pay to Plaintiff's damages in an amount according to proof;

2.     For consequential and incidental damages according to proof;

3.     For punitive and exemplary damages according to proof at trial.

<u>ON THE FIFTH CAUSE OF ACTION</u>

1.     For injunctive and equitable relief;

2.     For disgorgement of profits

3.     For consequential and incidental damages according to proof;

<u>ON ALL CAUSES OF ACTION</u>

1.     For reasonable attorneys fees as permitted by law or otherwise according to proof;

2.     For costs of suit herein incurred; and

3.     For such other and further relief as the Court may deem proper.

DATED: April 15, 2011

                      SMITH LAW FIRM
                      A Professional Law Corporation

                      By:

                      CRAIG R. SMITH
                      Attorneys for Plaintiff
                      JASBIR SANGHA

- 15 -
<strong>COMPLAINT</strong>

<strong>EXHIBIT A</strong>       <strong>PAGE 22</strong>

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Craig R. Smith<br>Craig R. Smith, Esq. (#180338)<br>SMITH LAW FIRM, APLC<br>21550 Oxnard Street, Suite 760<br>Woodland Hills, California 91367<br>TELEPHONE NO.: 818-703-6057   FAX NO. *(Optional):* 818-703-6058<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>APR 18 2011<br><br>John A Clarke, Executive Officer/Clerk<br>by *[signature]* Deputy<br>A E LaFLEUR-CLAYTON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012
BRANCH NAME: CENTRAL

PLAINTIFF/PETITIONER: JASBIR SANGHA

DEFENDANT/RESPONDENT: MEHUL PATEL aka MIKE PATEL, ETC., ET AL.

| | |
|---|---|
| CASE NUMBER: | B C 4 5 9 8 2 0 |
| JUDICIAL OFFICER: | |

| NOTICE OF RELATED CASE | DEPT.: |
|---|---|

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: MANMOHAN CHHABRA etc., et al. v. MEHUL PATEL etc., et al.
    b.  Case number: BC438430
    c.  Court:  [ X ] same as above
        [ ] other state or federal court *(name and address):*

    d.  Department: 26
    e.  Case type:  [ ] limited civil  [ X ] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify):*

    f.  Filing date: May 25, 2010
    g.  Has this case been designated or determined as "complex?"  [ ] Yes  [ X ] No
    h.  Relationship of this case to the case referenced above *(check all that apply):*
        [ X ] involves the same parties and is based on the same or similar claims.
        [ X ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
        [ ] involves claims against, title to, possession of, or damages to the same property.
        [ X ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
            [ ] Additional explanation is attached in attachment 1h
    i.  Status of case:
        [ X ] pending
        [ ] dismissed  [ ] with  [ ] without prejudice
        [ ] disposed of by judgment

2.  a.  Title:
    b.  Case number:
    c.  Court:  [ ] same as above
        [ ] other state or federal court *(name and address):*

    d.  Department:

NOTICE OF RELATED CASE

Legal
Solutions
& Plus

Page 1 of 3
Cal. Rules of Court, rule 3.300

**EXHIBIT A          PAGE 23**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

**BC459820**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this form

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Pending Assignment | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____

JOHN A. CLARKE, Executive Officer/Clerk
By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)
LASC Approved 05-06

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 1 of 2

**EXHIBIT A          PAGE 24**

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Craig R. Smith
Craig R. Smith, Esq. (#180338)
SMITH LAW FIRM, APLC
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
TELEPHONE NO.: 818-703-6057   FAX NO.:
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 18 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
ACE LaFLEUR-CLAYTON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012
BRANCH NAME: CENTRAL

CASE NAME: SANGHA V PATEL

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC457392 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

BC459820

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[X] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): Five Causes of Action
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: April 15, 2011
Craig R. Smith
_____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**
Legal Solutions Plus
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**EXHIBIT A      PAGE 25**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice—
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach—Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court
        Case Matter
    Writ—Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

**EXHIBIT A          PAGE 26**

NOTICE SENT TO:

Smith, Craig R.
Smith Law Firm, APLC
21550 Oxnard Street, Suite 760
Woodland Hills        CA. 91367

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 11 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| JASBIR SANGHA | Plaintiff(s), | CASE NUMBER |
| VS. | | BC459820 |
| MEHUL PATEL ET AL | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for August 4, 2011 at 8:30 am in Dept. 55 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**   **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: May 11, 2011

**M. H. MACKEY**
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ √ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date: May 11, 2011

John A. Clarke, Executive Officer/Clerk

by L. Gomez _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**EXHIBIT A**        **PAGE 27**

# EXHIBIT B

# Exhibit B

## TO THE NOTICE OF REMOVAL OF ACTION
## UNDER 28 U.S.C. §§ 1332 AND 1441



**Office of the Secretary of State**
Reports Unit
P.O. Box 12028
Austin, Texas 78711-2028
(Form 804)

**Filed in the Office of the**
**Secretary of State of Texas**
Filing #: 800324955 03/09/2009
Document #: 249063960002
Image Generated Electronically
for Web Filing

## PERIODIC REPORT - DOMESTIC LIMITED PARTNERSHIP

File Number: **800324955**

1.  The limited partnership name is: **Newcrest Hotels, Ltd.**

2.  It is organized under the laws of: **TEXAS, USA**

3.  The name of the registered agent is: **Thomas J. Colven III**

4.  The registered office address, which is identical to the business office address of the registered agent in Texas, is:
    **5420 LBJ Freeway, Suite 300, Dallas, TX, USA 75240-6271**

5.  The address of the principal office in the United States where the records are to be kept or made available is:
    **1431 Greenway Dr, #915, Irving, TX, USA 75038**

6.  The names and addresses of all general partners of the limited partnership are:

    General Partner 1: (Business Name) **Capital Structure, LLC**
    Address: **1431 Greenway Dr  #915  Irving, TX, USA  75038**

**Execution:**
The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument.

Date: **March 9, 2009**

**Thomas J. Colven, III**
Signature of authorized officer

FILING OFFICE COPY

**EXHIBIT B**        **PAGE 29**

00007670498                          **Filing Number: 800754360**

| TX 2010 | | **TEXAS FRANCHISE TAX PUBLIC INFORMATION REPORT** |
|---|---|---|

Ver. 1.0   05-102
(9-09/29)
■ Tcode 13196

To be filed by Corporations, Limited Liability Companies (LLCS) and Financial Institutions
**This report MUST be signed and filed to satisfy franchise tax requirements**

■ Taxpayer number

**32024416177**

Taxpayer name
**CORSICANA LODGING, LLC**

Mailing address
**1135 KINWEST PKWY, SUITE 150**

| City | State | ZIP Code | Plus 4 |
|---|---|---|---|
| **IRVING** | **TX** | **75063** | |

■ Report year

**2010**

You have certain rights under Chapter 552 and 559, Government Code,
to review, request, and correct information we have on file about you.
Contact us at: (512) 463-4600, or (800) 252-1381, toll free nationwide.

Secretary of State file number or
Comptroller file number

**0800754360**

☐  Check box if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
**1135 KINWEST PKWY, SUITE 150 IRVING                    TX 75063**

Principal place of business
**1135 KINWEST PKWY, SUITE 150 IRVING                    TX 75063**

**Please sign below!**

Officer, director and member information is reported as of the date a Public Information
Report is completed. The information is updated annually as part of the franchise tax
report. There is no requirement or procedure for supplementing the information as
officers, directors, or members change throughout the year.

**3202441617710**

SECTION A Name, title and mailing address of each officer, director or member.

| Name | Title | Director | | | m m d d y y |
|---|---|---|---|---|---|
| **MEHUL PATEL** | **MANAGING MEMBER** | ☒ YES | Term expiration | | |
| Mailing address **308 WRIGHT AVENUE** | City **ROCKWALL** | | | State **TX** | ZIP Code **75032** |
| Name **SANJAY PATEL** | Title **MEMBER** | ☒ YES | Term expiration | | m m d d y y |
| Mailing address **841 TERRAZA** | City **IRVING** | | | State **TX** | ZIP Code **75039** |
| Name **CHIRAG PATEL** | Title **MEMBER** | ☒ YES | Term expiration | | m m d d y y |
| Mailing address **405 DARLENE TRAIL** | City **EULESS** | | | State **TX** | ZIP Code **76039** |

SECTION B Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of ten percent (10%) or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |
|---|---|---|---|
| **NONE** | | | |
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |

SECTION C Enter the information required for each corporation or LLC, if any, that owns an interest of ten percent (10%) or more in this entity
or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |
|---|---|---|---|
| **NONE** | | | |

Registered agent and registered office currently on file. (See instructions if you need to make changes.)

Agent: **THOMAS J. COLVEN III**

☐  Check box if you need to change the registered agent or registered office information.

| Office: **5420 LBJ FRWY #300** | City **DALLAS** | State **TX** | ZIP Code **75240** |
|---|---|---|---|

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets
for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has
been mailed to each person named in this report who is an officer, director or member and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here ▶ | Title **MANAGER** | Date **09/03/2010** | Area code and phone number **214-774-4650** |
|---|---|---|---|

Texas Comptroller Official Use Only

| VE/DE ☐ | PIR IND ☐ |
|---|---|

1022

**EXHIBIT B          PAGE 30**

# EXHIBIT  C

# Exhibit C

## TO THE NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

**EXHIBIT C**        **PAGE 31**

Case 2:11-cv-03724-RGK -VBK   Document 32-1    Filed 06/10/11   Page 1 of 2   Page ID
#:1679

1  DANIEL C. LAPIDUS (Bar No. 227170)
   Email: dan@lapiduslaw.com
2  JIM D. BAUCH (Bar No. 199454)
   Email:  jim@lapiduslaw.com
3  EVAN PITCHFORD (Bar No. 256536)
   Email: evan@lapiduslaw.com
4  LAPIDUS & LAPIDUS
   A PROFESSIONAL LAW CORPORATION
5  177 SOUTH BEVERLY DRIVE
   BEVERLY HILLS, CALIFORNIA 90212
6  TEL: 310-550-8700
   FAX: 310-943-2471
7
   Attorneys for Defendant
8  Jagmohan Dhillon

9
                 UNITED STATES DISTRICT COURT
10
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

12
   MANMOHAN CHHABRA; et al.,        CASE NO.: 2:11-cv-03724-RGK (VBKx)
13
                                    DECLARATION OF JAGMOHAN
14         Plaintiffs,              DHILLON IN SUPPORT OF NOTICE
                                    OF JOINDER TO MOTION TO
15      vs.                         TRANSFER

16  MEHUL PATEL aka MIKE PATEL; et
    al.,                            [Notice of Joinder filed concurrently
17                                  herewith.]

18         Defendants.
                                        Hearing
19                                  Date: July 25, 2011
                                    Time: 9:00 a.m.
20                                  Courtroom 850
                                    The Hon. R. Gary Klausner
21

22                                  Action Filed: May 25, 2010
                                    Removal Date: April 29, 2011
23                                  Trial Date: None set

24

25

26

27

28

               DECLARATION OF JAGMOHAN DHILLON - 1

                                 **EXHIBIT C**      **PAGE 32**

## DECLARATION OF JAGMOHAN DHILLON

I, JAGMOHAN DHILLON, hereby declare as follows:

1.  I am a defendant in this matter and have personal knowledge of each matter stated herein.

2.  I am a resident of the State of Texas. I understand that my residence is within the North District of Texas, United States District Court.

3.  Third party witness Maggie Vogeler of Fidelity National Title Company works in the Northern District of Texas. Prior to the removal of this case, Plaintiffs noticed Ms. Vogeler's deposition and have identified her as a percipient witness to some of the transactions at issue in this case.

4.  The interests of justice and the convenience of the parties (as well as many witnesses that also reside in Texas) would be served by transferring this action to the Northern District of Texas for the following reasons:

 a) It would be burdensome and inconvenient for me to attend trial in California because of the expense of travel and time away from my business in Texas.

 b) All of the original books and records in my possession, custody or control relating to this action are located in the district to which transfer is sought.

 c) I believe that it would be burdensome and inconvenient for, among others, third party witness Ms. Vogeler to attend trial in California because of the expense of travel and time away from her business in Texas.

I swear, under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 10, 2011, at FRISCO , Texas.

_____
Jagmohan Dhillon

DECLARATION OF JAGMOHAN DHILLON - 2

**EXHIBIT C**  **PAGE 33**

# EXHIBIT  D

# Exhibit D

## TO THE NOTICE OF REMOVAL OF ACTION
## UNDER 28 U.S.C. §§ 1332 AND 1441

Business Search - Business Entities - Business Programs                    Page 1 of 1



| Secretary of State | Administration | Elections | Business Programs | Political Reform | Archives | Registries |

**Business Entities (BE)**

Online Services
- **Business Search**
- **Disclosure Search**
- **E-File Statements**
- **Processing Times**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Annual/Biennial Statements**

**Filing Tips**

**Information Requests**
(certificates, copies &
status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**
- **International Business**
  **Relations Program**

**Customer Alert**
(misleading business
solicitations)

## Business Entity Detail

Data is updated weekly and is current as of Friday, August 19, 2011. It is not a complete or certified
record of the entity.

| | |
|---|---|
| **Entity Name:** | DHILLON MANAGEMENT, INC. |
| **Entity Number:** | C2673274 |
| **Date Filed:** | 09/08/2004 |
| **Status:** | SUSPENDED |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Address:** | 2000 BRIDGET MARIE DR |
| **Entity City, State, Zip:** | MODESTO CA 95351 |
| **Agent for Service of Process:** | VIRINDER S GREWAL |
| **Agent Address:** | 1930 E HATCH RD STE B |
| **Agent City, State, Zip:** | MODESTO CA 95351 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically
  revoked. Please refer to California Corporations Code **section 2114** for information relating to
  service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a
  more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status
  Definitions**.

**Modify Search**   **New Search**   **Printer Friendly**   **Back to Search Results**

**Privacy Statement** | **Free Document Readers**
Copyright © 2011  California Secretary of State

**EXHIBIT D          PAGE 35**

# EXHIBIT E

# Exhibit E

## TO THE NOTICE OF REMOVAL OF ACTION
## UNDER 28 U.S.C. §§ 1332 AND 1441

00007113036                    Filing Number: 801192896

**TEXAS FRANCHISE TAX PUBLIC INFORMATION REPORT**

Comptroller 05-102
of Public
Accounts (9-09/29)
FORM
■ Tcode 13196

*To be filed by Corporations, Limited Liability Companies (LLC) and Financial institutions*
*This report MUST be signed and filed to satisfy franchise tax requirements*

| ■ Taxpayer number | ■ Report year |
|---|---|
| 3 2 0 4 0 6 5 9 8 8 3 | 2 0 1 0 |

*You have certain rights under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at: (512) 463-4600, or (800) 252-1381, toll free nationwide.*

Taxpayer name
DHILLON MANAGEMENT, LLC
Mailing address
3400 PARKWOOD BLVD C/O LEGACY ROOM

| City FRISCO | State TX | ZIP Code 75034 | Plus 4 1968 |
|---|---|---|---|

Secretary of State file number or
Comptroller file number
0801192896

○  Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office
3400 PARKWOOD BLVD C/O LEGACY ROOM, FRISCO, TX 75034
Principal place of business
3400 PARKWOOD BLVD C/O LEGACY ROOM, FRISCO, TX 75034

*Please sign below!*

Officer, director and member information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or members change throughout the year.

3204065988310

**SECTION A**   Name, title and mailing address of each officer, director or member.

| Name JAGMAHON S. DHILLON | Title MEMBER | Director ○ YES | Term expiration | State TX | ZIP code 75034 |
|---|---|---|---|---|---|
| Mailing address 3400 PARKWOOD BLVD C/O LEGACY ROOM | City FRISCO | | | | |
| Name | Title | Director ○ YES | Term expiration | State | ZIP code |
| Mailing address | City | | | | |
| Name | Title | Director ○ YES | Term expiration | State | ZIP code |
| Mailing address | City | | | | |

**SECTION B**   Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of ten percent (10%) or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |

**SECTION C**   Enter the information required for each corporation or LLC, if any, that owns an interest of ten percent (10%) or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of Ownership |
|---|---|---|---|

| Registered agent and registered office currently on file. *(See instructions if you need to make changes)* | ○ Blacken circle if you need forms to change the registered agent or registered office information. |
|---|---|
| Agent: | |
| Office: | City | State | ZIP Code |

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or member and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here ▶ *M. miller* | Title MEMBER | Date 06/21/2010 | Area code and phone number (972) 668 - 0327 |
|---|---|---|---|

Texas Comptroller of Official Use Only

| VE/DE ○ | PIR IND ○ |
|---|---|

**EXHIBIT E**          **PAGE 37**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV11- 6970 DSF (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JASBIR SANGHA

**DEFENDANTS**
MEHUL PATEL aka MIKE PATEL; CHIRAG PATEL aka CHUCK PATEL; JAGMOHAN DHILLON; DHILLON MANAGEMENT, INC., a California corporation; HARMINDER DHILLON; GURENDER S. SAHANI; TARLOCHAN S. KATARIA; NEW HOPE HOSPITALITY, LLC, STARLITE HOTELS, LTD, a Texas limited partnership; NEWCREST HOTELS, LTD, a Texas limited partnership; CORSICANA LODGING, LLC, a Texas limited liability company; and DOES 1 through 100, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number.)
Craig R. Smith, SBN 180338
SMITH LAW FIRM
21021 Ventura Boulevard, Suite 450, Woodland Hills, CA 91364
Tel: 818-703-6057   /   Fax: 818-703-6058

**Attorneys** (If Known)
Jed P. White, SBN 232339
BRYAN CAVE LLP
120 Broadway, Suite 300, Santa Monica, CA 90401
Tel: 310-576-2100   /   Fax: 310-576-2200
Email: jed.white@bryancave.com

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   **MONEY DEMANDED IN COMPLAINT: $** Unclear; at least $423,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff alleges 1) Rescission Based on Fraud; 2) Fraud; 3) Fraud; 4) Fraudulent Concealment; 5) Unfair Business Practice in Violation of CA Business & Professions Code § 17200 et seq. – Defendants contend diversity jurisdiction exists per 28 U.S.C. § 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES: ☐ 400 State Reapportionment, ☐ 410 Antitrust, ☐ 430 Banks and Banking, ☐ 450 Commerce/ICC Rates/etc., ☐ 460 Deportation, ☐ 470 Racketeer Influenced and Corrupt Organizations, ☐ 480 Consumer Credit, ☐ 490 Cable/Sat TV, ☐ 810 Selective Service, ☐ 850 Securities/Commodities/Exchange, ☐ 875 Customer Challenge 12 USC 3410, ☐ 890 Other Statutory Actions, ☐ 891 Agricultural Act, ☐ 892 Economic Stabilization Act, ☐ 893 Environmental Matters, ☐ 894 Energy Allocation Act, ☐ 895 Freedom of Info. Act, ☐ 900 Appeal of Fee Determination Under Equal Access to Justice, ☐ 950 Constitutionality of State Statutes

CONTRACT: ☐ 110 Insurance, ☐ 120 Marine, ☐ 130 Miller Act, ☐ 140 Negotiable Instrument, ☐ 150 Recovery of Overpayment & Enforcement of Judgment, ☐ 151 Medicare Act, ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans), ☐ 153 Recovery of Overpayment of Veteran's Benefits, ☐ 160 Stockholders' Suits, ☒ 190 Other Contract, ☐ 195 Contract Product Liability, ☐ 196 Franchise

REAL PROPERTY: ☐ 210 Land Condemnation, ☐ 220 Foreclosure, ☐ 230 Rent Lease & Ejectment, ☐ 240 Torts to Land, ☐ 245 Tort Product Liability, ☐ 290 All Other Real Property

TORTS PERSONAL INJURY: ☐ 310 Airplane, ☐ 315 Airplane Product Liability, ☐ 320 Assault, Libel & Slander, ☐ 330 Fed. Employers' Liability, ☐ 340 Marine, ☐ 345 Marine Product Liability, ☐ 350 Motor Vehicle, ☐ 355 Motor Vehicle Product Liability, ☐ 360 Other Personal Injury, ☐ 362 Personal Injury-Med Malpractice, ☐ 365 Personal Injury-Product Liability, ☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION: ☐ 462 Naturalization Application, ☐ 463 Habeas Corpus-Alien Detainee, ☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY: ☐ 370 Other Fraud, ☐ 371 Truth in Lending, ☐ 380 Other Personal Property Damage, ☐ 385 Property Damage Product Liability

BANKRUPTCY: ☐ 22 Appeal 28 USC 158, ☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS: ☐ 441 Voting, ☐ 442 Employment, ☐ 443 Housing/Accommodations, ☐ 444 Welfare, ☐ 445 American with Disabilities – Employment, ☐ 446 American with Disabilities – Other, ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence Habeas Corpus, ☐ 530 General, ☐ 535 Death Penalty, ☐ 540 Mandamus/Other, ☐ 550 Civil Rights, ☐ 555 Prison Condition

FORFEITURE / PENALTY: ☐ 610 Agriculture, ☐ 620 Other Food & Drug, ☐ 625 Drug Related Seizure of Property 21 USC 881, ☐ 630 Liquor Laws, ☐ 640 R.R. & Truck, ☐ 650 Airline Regs, ☐ 660 Occupational Safety/Health, ☐ 690 Other

LABOR: ☐ 710 Fair Labor Standards Act, ☐ 720 Labor/Mgmt. Relations, ☐ 730 Labor/Mgmt. Reporting & Disclosure Act, ☐ 740 Railway Labor Act, ☐ 790 Other Labor Litigation, ☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS: ☐ 820 Copyrights, ☐ 830 Patent, ☐ 840 Trademark

SOCIAL SECURITY: ☐ 61 HIA(1395ff), ☐ 862 Black Lung (923), ☐ 863 DIWC/DIWW 405(g), ☐ 864 SSID Title XVI, ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant), ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number:   CV11 06970

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☒ Yes

If yes, list case number(s): Case No. 2:11-cv-02974-RGK-VBK

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): Case No. 2:11-cv-03724-RGK-VBK

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* San Bernardino | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Jasbir Sangha | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Please see attachment |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendants contend all claims arose in Texas |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** Jed P. White   Date August 24, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)   CIVIL COVER SHEET   Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT
## IX. VENUE, (b)

### State in which EACH named defendant resides:

| Defendant | State |
|---|---|
| Mehul Patel a.k.a. Mike Patel | Texas |
| Chirag Patel a.k.a. Chuck Patel | Texas |
| Jagmohan Dhillon | Texas |
| Dhillon Management, Inc. | Defunct California Co. |
| Harminder Dhillon | India |
| Gurender S. Sahani | Connecticut |
| Tarlochan S. Kataria | Texas |
| New Hope Hospitality, LLC | Texas |
| Starlite Hotels, Ltd | Texas |
| Newcrest Hotels, Ltd | Texas |
| Corsicana Lodging, LLC | Texas |