1  DANIEL C. LAPIDUS (Bar No. 227170)
   dan@lapiduslaw.com
2  JIM D. BAUCH (Bar No. 199454)
   jim@lapiduslaw.com
3  LAPIDUS & LAPIDUS
   A PROFESSIONAL LAW CORPORATION
4  177 SOUTH BEVERLY DRIVE
   BEVERLY HILLS, CALIFORNIA 90212
5  TEL: 310-550-8700
   FAX: 310-943-2471
6
   Attorneys for Defendants
7  Jagmohan Dhillon, Gurender S. Sahani,
   and Tarlochan S. Kataria
8
9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
11

| 12  JASBIR SANGHA, | CASE NO.: 2:11-cv-06970-DSF -FMO |
|---|---|
| 13          Plaintiff, | **DEFENDANT JAGMOHAN DHILLON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** |
| 14      vs. | |
| 15  MEHUL PATEL aka MIKE PATEL; | |
| 16  CHIRAG PATEL aka CHUCK PATEL; | [Fed. R. Civ. P. 12(b)(6) and 9(b)] |
| 17  JAGMOHAN DHILLON; DHILLON MANAGEMENT INC., a California | |
| 18  corporation; HARMINDER DHILLON; | |
| 19  GURENDER S. SAHANI; | <u>Hearing</u> |
| 20  TARLOCHAN S. KATARIA; NEW HOPE HOSPITALITY, LLC, | Date:        October 3, 2011<br>Time:        1:30 p.m.<br>Courtroom: 840 |
| 21  STARLITE HOTELS, LTD, a Texas | |
| 22  limited partnership; NEWCREST HOTELS, LTD., a Texas limited | Action Filed:    April 18, 2011<br>Removal Date:  August 24, 2011<br>Trial Date:      None set |
| 23  partnership; CORSICANA LODGING, | |
| 24  LLC, a Texas limited liability company; and DOES 1 through 100, inclusive, | |
| 25 | |
| 26          Defendants. | |

27
28

---

DEFENDANT JAGMOHAN DHILLON'S 12(b)(6) MOTION TO DISMISS - 1

1  **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**
2  **RECORD:**

3      PLEASE TAKE NOTICE that on October 3, 2011 at 1:30 p.m., or as soon as
4  thereafter as the matter may be heard, before the Honorable Dale S. Fischer in
5  Courtroom 840 in the Roybal Building of the United States District Court for the
6  Central District of California, located at 255 East Temple Street, Los Angeles,
7  California, Defendant Jagmohan Dhillon ("Dhillon"), will and hereby does move
8  pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b) to dismiss the first,
9  second, third, fourth, and fifth causes of action contained in the Complaint filed by
10 Plaintiff Jasbir Sangha ("Plaintiff").

11     Good cause exists to grant this motion because the Complaint fails to allege
12 sufficient facts to state a cause of action, and fails to allege fraud with particularity.

13     This motion is based on this Notice of Motion and Motion, the attached
14 Memorandum of Points and Authorities, the Complaint, and such further evidence
15 and arguments as may be presented at or before the hearing on this matter.

16     Because this action was originally filed in state court, and recently removed to
17 this Court, there was insufficient time to conduct the Local Rule 7-3 conference
18 prior to this Defendant's response date.

19

20 DATED: August 26, 2011          LAPIDUS & LAPIDUS
21                                 A PROFESSIONAL LAW CORPORATION

22                                 _____/s/_____
23                                 DANIEL C. LAPIDUS
                                   Attorneys for Defendants
24                                 Jagmohan Dhillon, Gurender S. Sahani, and
                                   Tarlochan S. Kataria
25

26

27

28

# <u>TABLE OF CONTENTS</u>

I.  Introduction/Factual Summary .......................................................................1

II.  Legal Standard For Motion to Dismiss.............................................................2

III.  Plaintiff's First and Second Causes of Action Fail to State a Claim Against
       Dhillon Because Plaintiff Has Not Alleged Any Fraud By Dhillon ...............2

    A.  The Allegations Are Not Made With Particularity As To Any
            Defendant ...........................................................................................3

    B.  The Allegations Are Not Made With Particularity As To
            Dhillon................................................................................................5

IV.  The Third and Fourth Causes of Action Fail ...................................................6

    A.  The Claims Are Barred By Release .......................................................6

    B.  The Claims Fail to Adequately Allege Fraud or Fraudulent.................6
            Concealment .......................................................................................6

    C.  The Fraudulent Concealment Claim Fails To Establish a Duty
            to Disclose or a Failure to Disclose Material Facts .............................8

V.  Plaintiff's Business and Professions Code § 17200 Claim Fails...................11

VI.  Conclusion ....................................................................................................11

# TABLE OF AUTHORITIES

CASES

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC,*
  158 Cal.App.4th 226 (2007) ...........................................................................9, 10

*Belden v. Henriques*, 8 Cal. 87 (1857)......................................................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..............................................2

*City of Hope National Medical Center v. Genentech, Inc.,*
  43 Cal.4th 375 (2008) ..........................................................................................10

*Cummins v. Gates*, 235 Cal.App.2d 532 (1965)......................................................10

*Desaigoudar v. Meyercord*, 223 F.3d 1020 (9th Cir. 2000) ......................................2

*Goldrich v. Natural Y Surgical Specialties,*
  25 Cal. App. 4th 772 (1994) .................................................................................3

*Harazim v. Lynam*, 267 Cal.App.2d 127 (1968).......................................................7

*Lazar v. Superior Court*, 12 Cal.4th 631 (1996).......................................................3

*Levine v. Blue Shield of California*, 189 Cal.App.4th 1117 (2010) ..........................9

*Moore v. Brewster*, 96 F.3d 1240 (9th Cir. 1996)......................................................2

*Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells,*
  86 Cal.App.4th 303 (2000) ...............................................................................4, 7

*Nibbi Brothers, Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal.App.3d
  1415 (1988) ........................................................................................................4, 7

*Oakland Raiders v. National Football League,*
  131 Cal.App.4th 621 (2005) ...............................................................................10

*Sanford v. MemberWorks, Inc.*, 625 F.3d 550 (9th Cir. 2010) ..................................5

*Small v. Fritz Companies, Inc.,* 30 Cal.4th 167 (2003) .............................................2

*Stephenson v. Argonaut Ins. Co.*, 125 Cal.App.4th 962 (2004) ................................8

*Williams v. WMX Technologies, Inc.*, 112 F.3d 175 (5th Cir. 1997)..........................3

STATUTES

Fed. R. Civ. P. Rule 9(b)............................................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  Introduction/Factual Summary

Through this lawsuit, Plaintiff bases his claims against Defendant Jagmohan Dhillon ("Dhillon"), as one of several defendants (collectively, "Defendants") for rescission based on fraud, fraud, fraudulent concealment, and unfair business practices on nothing but vague allegations, conjecture, and unfounded conclusions. Though Plaintiff seeks compensatory and punitive damages, Plaintiff does not and cannot properly plead any of his causes of action – much less with the specificity required for their claims alleging Defendants' fraud. Dhillon brings this motion to dismiss Plaintiff's specified causes of action for the following reasons:

Plaintiff's First and Second Claims for rescission based on fraud and fraud arising out of the alleged fraudulent inducement of a mutual general release fail to adequately allege fraud. Plaintiff alleges misrepresentations by two *other* defendants, C. Patel and M. Patel (the "Patel Defendants"), at a meeting in California. But Dhillon is not alleged to have been present at that meeting or to otherwise have made any representations in connection with the release. Moreover, even if the alleged representations of the Patel Defendants could be attributed to Dhillon, they are still insufficient as they amount to nothing more than a prediction about the equity of unspecified pieces of property, which are mere opinions and not actionable fraud.

Plaintiff's Third and Fourth Causes of action for fraud and fraudulent concealment relate to the underlying real estate transactions. But Plaintiff admits that he released these claims, and so they fail for that reason alone. Even if they were not barred by the release, Plaintiff has failed to plead adequately the alleged misrepresentations, their falsity, intent, or damages. Nor does Plaintiff allege a sufficient basis for a fraudulent concealment claim, which relies on the same defective fraud allegations as well as a conclusory allegation that Dhillon was a "partner."

1  Finally, the Fifth Claim for unfair business practices under California
2  Business and Professions Code § 17200 is based on the same allegations and thus
3  fails for the same reasons.
4
5  II.  Legal Standard For Motion to Dismiss
6  A complaint must provide "more than labels and conclusions"; it must make
7  "factual allegations" that "raise a right to relief above the speculative level" to the
8  "plausible" level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 n.3, 127
9  S.Ct. 1955, 1965 n.3 (2007).
10  Furthermore, where a complaint alleges fraud, it must "state with particularity
11  the circumstances constituting fraud. . . ." Fed. R. Civ. P. 9(b).  Fraud must be pled
12  "with a high degree of meticulousness." *Desaigoudar v. Meyercord*, 223 F.3d 1020,
13  1022-23 (9th Cir. 2000).
14  In diversity cases, a federal court applies state law as to the substantive
15  elements of fraud, but those elements must be pleaded with the specificity required
16  by federal law. *See Moore v. Brewster*, 96 F.3d 1240, 1245-46 (9th Cir. 1996).
17
18  III.  Plaintiff's First and Second Causes of Action Fail to State a Claim Against
19        Dhillon Because Plaintiff Has Not Alleged Any Fraud By Dhillon
20  The Complaint's First and Second Causes of Action assert claims for
21  rescission and fraud based on a release of liability that Plaintiff claims he was
22  fraudulently induced to give the Defendants.  Plaintiff, however, fails to allege fraud
23  adequately against any defendant, and in particular fails to allege any fraudulent
24  representations made by Dhillon.
25  Under California law, the elements of an action for fraud are:
26  (1)  misrepresentation; (2) scienter (knowledge of falsity); (3) intent to defraud;
27  (4)  justifiable reliance; and (5) resulting damage. *See Small v. Fritz Companies,*
28  *Inc.* 30 Cal.4th 167, 174 (2003).

1    Furthermore, under both California law and Federal Rule of Civil Procedure
2    9(b), Plaintiff must specifically state the time, place or manner of the purported
3    fraudulent acts each defendant committed. *See Williams v. WMX Technologies, Inc.*,
4    112 F.3d 175, 178 (5th Cir. 1997) ("the who, what, when, and where must be laid out
5    before access to the discovery process is granted."); *Lazar v. Superior Court*, 12
6    Cal.4th 631, 645 (1996) (plaintiff must plead facts that "show how, when, where, to
7    whom, and by what means the representations were tendered"); *Goldrich v. Natural*
8    *Y Surgical Specialties* 25 Cal. App. 4th 772, 783 (1994) (where plaintiff merely
9    alleged that defendants "falsely and fraudulently" represented that their products
10   were safe, court found pleading failed to meet the required specificity for fraud since
11   it could not be determined what was said or by whom or in what manner).

12   Plaintiff has failed to meet these exacting standards.  Instead, Plaintiff's
13   allegations with respect to the supposed fraudulently induced release are that
14   "Defendants" generally "engaged in a scheme to make Plaintiff believe that in
15   exchange for giving them a release, that Defendants would refund to Plaintiff all of
16   his investments in the various hotels."  Complaint, ¶ 39.  Such general, vague
17   allegations are not sufficient.

18   The only detail the Complaint provides with respect to the supposed
19   fraudulent inducement of the release is that two other defendants (M. Patel and C.
20   Patel) met with Plaintiff in California and made certain "inducements" and offers to
21   Plaintiff. *See* Complaint, ¶ 40.  These allegations are insufficient for the following
22   two reasons.

23

24              A.    The Allegations Are Not Made With Particularity As To Any
25                    Defendant

26    The supposedly false representations by M. Patel and C. Patel are not pled
27   with particularity.  Plaintiff alleges repeatedly that the Patels "induced" Plaintiff to
28   enter into certain agreements, but the only aspect of this inducement that is alleged

to be false is that "Defendants knowingly induced Plaintiff to accept a promissory
note they knew would never be repaid." This allegation is apparently based on
Plaintiff's claim that "Defendants represented and warranted that each of the
individual properties securing the promissory note had equity in excess of the
amount of the note." Complaint, ¶ 40.

As the events of recent years have amply demonstrated, property values can
change quickly, and properties that have owner equity today can be "underwater"
tomorrow. Any representations as to the equity of the properties or their ability to
secure the note are not actionable. *See Nibbi Brothers, Inc. v. Home Fed. Sav. &
Loan Ass'n*, 205 Cal.App.3d 1415, 1423 (1988) ("[P]redictions as to future events,
or statements as to future action by some third party, are deemed opinions, and not
actionable fraud.") (internal quotation marks omitted); *Neu-Visions Sports, Inc. v.
Soren/McAdam/Bartells*, 86 Cal.App.4th 303, 308 (2000) ("Representations of value
are opinions.")(citation omitted).

Nor can the vagueness of these allegations be saved by the Complaint's
additional allegation that Defendants "caused false and fraudulent liens to be
secured against the properties offered as security in order to undermine the security
offered to Plaintiff." Complaint, ¶ 42. This allegation is itself hopelessly vague, as
it does not provide the specifics of, among other things, what these liens were, on
which properties they were made, in whose favor, in what amount, when they were
made or recorded or in what respect the liens were "false" or "fraudulent."

In addition, Plaintiff's allegations concerning the allegedly fraudulent
representations are so thin that Plaintiff only alleges their falsity on "information and
belief." *See* Complaint, ¶¶ 42, 52.

B.    The Allegations Are Not Made With Particularity As To Dhillon

Even assuming that the allegations regarding the supposedly fraudulently induced release were sufficient against the Patel Defendants – which they are not, as shown above – they fail to establish any fraudulent conduct by Dhillon.

Nowhere does Plaintiff allege that *Dhillon* made any false representations to Plaintiff to obtain the release.  The Complaint tries to blur together all the defendants under the generic title "Defendants," but this is insufficient.  *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010)  ("[t]o avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place and specific content of the false representations *as well as the identities of the parties to the misrepresentation*.") (alterations in original; internal quotation marks omitted and emphasis added).

More importantly, it is clear that Dhillon is not alleged to have made any of the supposedly fraudulent inducements to the release.  Paragraph 40 of the Complaint alleges:

> In or about August 2009, *M. Patel and C. Patel* traveled to California for the specific purpose of meeting with Plaintiff and perpetrating the referenced fraud.  *M. Patel and C. Patel* met with Plaintiff in California and *during that meeting* induced Plaintiff to enter into various agreements.

Complaint, ¶ 40 (emphasis added).  That paragraph goes on to allege that "Defendants" made various inducements, but only the Patels, not Dhillon, are alleged to have "traveled to California" (Dhillon is alleged to be a resident of Texas, *see* Complaint, ¶ 4), and it is "M. Patel and C. Patel [who are alleged to have] met with Plaintiff in California. . . ." *Id.*, ¶ 40.

Accordingly, the First and Second Causes of Action must be dismissed.

1    IV.    The Third and Fourth Causes of Action Fail

2          Plaintiff's third and fourth causes of action, for fraud and fraudulent

3    concealment, concern the supposed "underlying fraud" that was the subject of the

4    release. These claims fail for two independent reasons.

5

6                 A.    The Claims Are Barred By Release

7          Plaintiff admits that he gave the defendants "a release of liability" on these

8    claims. *See* Complaint, ¶ 36. Indeed, the First Cause of Action admits that he

9    "release[d] Defendants from all claims associated with his investments with

10   Defendants," and that he will suffer "irreparable harm" if that release is not

11   rescinded. *Id.*, ¶¶ 44 and 46.

12         Accordingly, Plaintiff's Third and Fourth Causes of Action are dependent on

13   his First Cause of Action for rescission. Without a rescission of the release, the

14   Third and Fourth Causes of Action are barred. Because, as shown in the preceding

15   section, the First Cause of Action fails, so too must these claims.

16

17                 B.    The Claims Fail to Adequately Allege Fraud or Fraudulent

18                       Concealment

19         Even if the Third and Fourth Causes of Action were not barred by the release,

20   they would still fail to state a claim. The allegations are defective in multiple

21   respects.

22         First, Plaintiff's cause of action for fraud conspicuously neglects to identify

23   any specific misrepresentation or any detail as to Dhillon's alleged scienter or

24   fraudulent intent, as to Plaintiff's reliance, or as to resultant damage. Nor does

25   Plaintiff allege with any specificity, the time or dates Dhillon made these

26   representations. This renders the claim fatally defective under the heightened

27   pleading standard in fraud actions.

28

1    Second, Plaintiff's allegations regarding Dhillon's representations fail to show
2  that the alleged representations were false, that Dhillon knew them to be false, or
3  that they had any adverse impact on Plaintiffs. For example, Plaintiff states that
4  "Dhillon represented himself to be a successful real estate investor and hotelier," but
5  does not allege facts that this was false (*i.e.*, that Dhillon was *not* a successful real
6  estate investor and hotelier) or that Dhillon knew it to be false. *See* Complaint, ¶ 24.
7  Plaintiff states that Dhillon represented that he "could deliver profitable hotel real
8  estate investments," but does not provide evidence that this was false (*i.e.*, that
9  Dhillon *was not able to* deliver profitable hotel real estate investments) or that
10  Dhillon knew it to be false. *Id.* Again, Plaintiff states that "Dhillon claimed to be
11  able to deliver cash returns of at least 20%," but does not provide evidence that this
12  was false (*i.e.*, that Dhillon *was not able to* deliver cash returns of at least 20%) or
13  that Dhillon knew it to be false. *Id.*

14    Moreover. "opinions that future profits will be realized on investments" are
15  not actionable." *Harazim v. Lynam*, 267 Cal.App.2d 127, 131 (1968); *see also Nibbi*
16  *Brothers, Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal.App.3d 1415, 1423 (1988)
17  ("[P]redictions as to future events, or statements as to future action by some third
18  party, are deemed opinions, and not actionable fraud.") (internal quotation marks
19  omitted); *Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*, 86 Cal.App.4th 303,
20  308 (2000) ("Representations of value are opinions.")(citation omitted).

21    Of course, failing to demonstrate the false or misleading nature of the subject
22  communications is akin to failing to topple the first in a row of dominoes: if the
23  communications are not demonstrated to be false, then there can be no scienter,
24  justifiable reliance, or a direct connection to any purported damages. *See Belden v.*
25  *Henriques*, 8 Cal. 87, 89 (1857) (in order to sustain allegations of fraud, it is
26  necessary to prove that the representations alleged to have been fraudulent and
27  deceitful were not true).

28

1   In addition, Plaintiff has also failed to allege specific facts to support his

2   allegation that Dhillon or the other Defendants had any intent to defraud.  Plaintiff

3   instead merely makes a conclusory allegation that he "is informed and believes and

4   on the basis of said information and belief alleges that Defendants made such

5   representations knowing of the falsity thereof and with the intent to defraud Plaintiff

6   into making the various hotel investments."  Complaint, ¶ 59; *see also* ¶ 71.

7   Third, Plaintiff provides no allegations to substantiate his claim to have been

8   damaged.  Instead, he alleges only the bare claim that "[a]s a direct and proximate

9   result of the conduct of Defendants, Plaintiff has been damaged," and that "[t]he full

10  nature, extent and amount of Plaintiff's damages have yet to be ascertained."

11  Complaint, ¶ 63; *see also* ¶ 70 (same).  This is insufficient.  *See Stephenson v.*

12  *Argonaut Ins. Co.*, 125 Cal.App.4th 962, 974-975 (2004) (the injury or damage from

13  fraud must not only be distinctly alleged but its causal connection with the reliance

14  on the representation must be shown, and damage must be such as follows the act

15  complained of as a legal certainty).

16  In sum, Plaintiff attempts to link together allegations that are vague,

17  unsupported, and unconnected to any purported damages.  Without any specificity

18  or facts to support Plaintiff's conclusory allegations of fraud, it is apparent that

19  Plaintiff is simply pleading fraud causes of action in order to seek punitive damages.

20  Because Plaintiff's fraud and fraudulent concealment claims suffer from fatal

21  defects which cannot be cured, Dhillon's motion to dismiss these claims should be

22  granted.

23

24          C.    The Fraudulent Concealment Claim Fails To Establish a Duty

25                to Disclose or a Failure to Disclose Material Facts

26  The claim for fraudulent concealment suffers from all of the defects described

27  above.  In addition, it fails to establish either a duty to disclose or a breach of that

28  duty.  "[T]he elements of a cause of action for fraud based on concealment are:

1  (1)  the defendant must have concealed or suppressed a material fact, (2) the
2  defendant must have been under a duty to disclose the fact to the plaintiff, (3) the
3  defendant must have intentionally concealed or suppressed the fact with the intent to
4  defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would
5  not have acted as he did if he had known of the concealed or suppressed fact, and (5)
6  as a result of the concealment or suppression of the fact, the plaintiff must have
7  sustained damage." *Levine v. Blue Shield of California*, 189 Cal.App.4th 1117,
8  1126-1127 (2010) (emphasis, quotations, and citations omitted).

9      Plaintiff alleges, in a wholly conclusive manner, that "[b]ecause Defendants
10  were working through the Dhillon Defendants who has [sic] posed as partners with
11  Plaintiff in these transactions, Defendants had a duty to disclose all facts and
12  information they had concerning the transactions. . . ."  Complaint, ¶ 66.

13      This bare allegation is insufficient to establish a partnership relationship
14  between Plaintiff and Dhillon.  Nor do Plaintiff's allegations otherwise establish a
15  duty to disclose.  "The key factor in the existence of a fiduciary relationship lies in
16  control by a person over the property of another." *Apollo Capital Fund, LLC v. Roth*
17  *Capital Partners, LLC*, 158 Cal.App.4th 226, 246 (2007) (quotations and citation
18  omitted).  Here, Plaintiff does not allege that Dhillon had or exercised control over
19  their property.  Instead, the pleadings state that the parties all previously agreed to
20  the substance of the transactions and either mutually formed the entities in order to
21  consummate the specific transactions or used a previously-formed entity to
22  accomplish the agreed-upon transactions. *See* Complaint, *passim.*

23      Plaintiff never actually defines the parties' formal relationships (or whether
24  such formal relationships existed), describes the structure of the various entities (or,
25  in some cases, whether the entities were actually formed), or provides any other
26  factual allegations to demonstrate that Dhillon had control over the Plaintiff
27  (through reference to the entities' articles of organization, for example) or control in
28

1 │ the ultimate transaction enough to give rise to a fiduciary relationship.[1]  Simply
2 │ alleging that Plaintiff "believes" that Dhillon was "a manager," or that he "posed as
3 │ partners" with nothing more, does not demonstrate that Dhillon was Plaintiff's
4 │ partner or fiduciary.  Likewise, for Dhillon to simply hold himself out as a
5 │ successful real estate investor interested in finding other investors does not make
6 │ him a partner or fiduciary.  *See Apollo Capital*, 158 Cal.App.4th at 246 ("the mere
7 │ placing of a trust in another person does not create a fiduciary relationship")
8 │ (quotations and citations omitted); *Oakland Raiders v. National Football League*,
9 │ 131 Cal.App.4th 621, 633-634 (2005) ("a mere [agreement] does not constitute a
10 │ trust or create a fiduciary relationship"); *City of Hope National Medical Center v.*
11 │ *Genentech, Inc.*, 43 Cal.4th 375, 387-388 (2008) (a fiduciary relationship does not
12 │ necessarily arise merely because one party entrusts its affairs, interests or property to
13 │ another, there is a grant of broad discretion to the other, the two parties have an
14 │ asymmetrical access to information, and/or one party is vulnerable and dependent
15 │ upon the other.)
16 │   Further, Plaintiff fails to plead with sufficient detail as to what the purported
17 │ breaches of duty actually consisted.  *See Cummins v. Gates*, 235 Cal.App.2d 532,
18 │ 545 (1965) (breach of fiduciary duty must be pled with specificity).  Plaintiff alleges
19 │ that Dhillon breached his duty by failing to disclose his purported "true relationship"
20 │ and "financial arrangement" with the other Defendants, unspecified "self-dealing",
21 │ and "[t]he inflated value of the real estate being purchased as alleged herein."  None
22 │ of these alleged breaches, however, are supported with any actual factual
23 │ allegations.  *See* Complaint, ¶ 66.  Importantly, this lack of factual detail dovetails
24 │ with Plaintiff's deficiencies in pleading his fraud claims – as the purported failures
25 │
26 │ ───────────
   │ [1] The only aspect of Dhillon's purported control Plaintiff alleges is that once the
27 │ transactions were complete, Dhillon would manage the hotel operations – but
28 │ Plaintiff does not allege any wrongdoing with respect to the operation of the hotel.
   │ *See* Complaint, ¶ 30.

1    to disclose are the same as the purported fraudulent acts, and as Plaintiff's fraud

2    claims fail because he has not alleged those fraudulent acts with the required degree

3    of specificity, the breach of fiduciary duty claims must fail as well.

4          Again, Plaintiff cannot plead a withholding of information if he cannot show

5    that Dhillon actually *knew of* any information (or if he cannot show that there was

6    any information to be known in the first place). As such, Plaintiff's allegations are

7    hardly the "who, what, where, when, why, and how" required to adequately plead a

8    fraud claim. Because Plaintiff's fraudulent concealment claim suffers from the

9    above-referenced defects, Dhillon's motion to dismiss this claim should be granted.

10

11   V.    Plaintiff's Business and Professions Code § 17200 Claim Fails

12         The Fifth Cause of Action for Unfair Business Practice under California

13   Business and Professions Code § 17200 is expressly linked to the previous claims

14   for fraud and provides no further allegations. *See* Complaint, ¶¶ 72-74.

15   Accordingly, it fails for the same reasons as the prior claims.

16

17   VI.   Conclusion

18         Based on the aforementioned arguments, as well as arguments raised during

19   the hearing on this motion, Dhillon respectfully requests that the Court grant this

20   motion and dismiss Plaintiff's first, second, third, fourth, and fifth causes of action

21   against Dhillon.

22

23   DATED: August 26, 2011          LAPIDUS & LAPIDUS

24                         A PROFESSIONAL LAW CORPORATION

25                          /s/

26                         DANIEL C. LAPIDUS

27                         Attorneys for Defendants
                           Jagmohan Dhillon, Gurender S. Sahani, and
                           Tarlochan S. Kataria

28