1  DANIEL C. LAPIDUS (Bar No. 227170)
   dan@lapiduslaw.com
2  JIM D. BAUCH (Bar No. 199454)
   jim@lapiduslaw.com
3  LAPIDUS & LAPIDUS
   A PROFESSIONAL LAW CORPORATION
4  177 SOUTH BEVERLY DRIVE
   BEVERLY HILLS, CALIFORNIA 90212
5  TEL: 310-550-8700
   FAX: 310-943-2471
6
   Attorneys for Defendants Jagmohan Dhillon,
7  Gurender S. Sahani, and Tarlochan S. Kataria

8                UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | JASBIR SANGHA,                          | CASE NO.: 2:11-cv-06970-RGK-VBKx

12

13 |            Plaintiff,                    | **DEFENDANT JAGMOHAN DHILLON'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

14 |         vs.

15 | MEHUL PATEL aka MIKE PATEL;
   CHIRAG PATEL aka CHUCK PATEL;          [Fed. R. Civ. P. 12(b)(6) and 9(b)]
16 | JAGMOHAN DHILLON; DHILLON
   MANAGEMENT INC., a California
17 | corporation; DHILLON, INC., a Texas
   corporation; DHILLON GROUP, LLC,
18 | a Texas limited liability company;       Hearing
19 | HARMINDER DHILLON;                       Date:      November 7, 2011
20 | GURENDER S. SAHANI;                      Time:      9:00 a.m.
                                              Courtroom: 850
21 | TARLOCHAN S. KATARIA; NEW
   HOPE HOSPITALITY, LLC,                  Action Filed:   April 18, 2011
22 | STARLITE HOTELS, LLC, a Texas          Removal Date:   August 24, 2011
                                            Trial Date:     None set
23 | limited partnership; NEWCREST
   HOTELS, LTD., a Texas limited
24 | partnership; CORSICANA LODGING,
   LLC, a Texas limited liability company;
25 | and DOES 1 through 10, inclusive,
26
27
28 |            Defendants.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on November 7, 2011 at 9:00 a.m. in Courtroom 850 of the above-captioned court located at 255 East Temple Street, Los Angeles, CA 90012, Defendant Jagmohan Dhillon ("Dhillon"), will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b) to dismiss the first, second, third, fourth, and fifth causes of action contained in the First Amended Complaint filed by Plaintiff Jasbir Sangha ("Plaintiffs).

Good cause exists to grant this motion because the First Amended Complaint fails to allege sufficient facts to state a cause of action, and fails to allege fraud with particularity.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the First Amended Complaint, and such further evidence and arguments as may be presented at or before the hearing on this matter.

This motion is made following the conference of counsel pursuant to Central District Local Rule 7-3, which took place on September 28, 2011.

DATED: October 3, 2011          LAPIDUS & LAPIDUS
                                A PROFESSIONAL LAW CORPORATION


                                JIM D. BAUCH
                                Attorneys for Defendants Jagmohan
                                Dhillon, Gurender S. Sahani, and Tarlochan
                                S. Kataria

1

# <u>TABLE OF CONTENTS</u>

2

3   I.     Introduction/Factual Summary .......................................................... 1

4   II.    Legal Standard For Motion to Dismiss .............................................. 1

5   III.   Plaintiff's First and Third Causes of Action Fail to State a Claim Against
6          Dhillon Because Plaintiff Has Not Alleged Any Fraud By Dhillon ............... 2

7          A.     The Allegations Are Not Made With Particularity As To Any
                  Defendant ............................................................................ 3

8          B.     The Allegations Are Not Made With Particularity As To
9                 Dhillon .............................................................................. 4

10  IV.    The Second Cause of Action Fails .................................................... 5

11  V.     Plaintiff's Fourth, Fifth, and Sixth Causes of Action Fail ................... 5

12  VI.    Plaintiff's Business and Professions Code § 17200 Claim Fails ........... 5

13  VII.   Conclusion .................................................................................... 6

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

<u>CASES</u>

3  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 1

4  *Desaigoudar v. Meyercord*, 223 F.3d 1020 (9th Cir. 2000)....................................... 2

5  *Goldrich v. Natural Y Surgical Specialties,* 25 Cal.App.4th 772 (1994)................. 2

6  *Lazar v. Superior Court*, 12 Cal.4th 631 (1996) ....................................................... 2

7  *Moore v. Brewster*, 96 F.3d 1240 (9th Cir. 1996) ....................................................... 2

8  *Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*,

9    86 Cal.App.4th 303 (2000) .................................................................................... 3

10  *Nibbi Brothers, Inc. v. Home Fed. Sav. & Loan Ass'n*,

11    205 Cal.App.3d 1415 (1988) ................................................................................ 3

12  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550 (9th Cir. 2010)................................... 4

13  *Small v. Fritz Companies, Inc.,* 30 Cal.4th 167 (2003).............................................. 2

14  *Williams v. WMX Technologies, Inc.*, 112 F.3d 175 (5th Cir. 1997) ......................... 2

15

16

<u>STATUTES</u>

17  Fed. R. Civ. P. 9(b)................................................................................................. 2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

I.  Introduction/Factual Summary

3      Dhillon brings this motion to dismiss Plaintiff's specified causes of action for

4  the following reasons:[1]

5      Plaintiff's first three claims seek rescission of a mutual general release that

6  Plaintiff alleges was fraudulently induced.  Plaintiff's claims, However, fail to

7  adequately allege fraud.  Plaintiff alleges misrepresentations by a different

8  defendant, Mehul Patel, in a telephone call and at a meeting in California.  But

9  Dhillon is not alleged to have been present at that meeting or to otherwise have

10  made any representations in connection with the release.  Moreover, even if the

11  alleged representations of Mehul Patel could be attributed to Dhillon, they are still

12  insufficient as they amount to nothing more than a prediction about the equity of

13  unspecified pieces of property, which are mere opinions and not actionable fraud.

14      Plaintiff's remaining claims relate to the underlying real estate transactions.

15  But Plaintiff admits that he released these claims, and so they must fall with his

16  rescission claims.

17

18

II.  Legal Standard For Motion to Dismiss

19      A complaint must provide "more than labels and conclusions"; it must make

20  "factual allegations" that "raise a right to relief above the speculative level" to the

21  "plausible" level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 n.3, 127

22  S.Ct. 1955, 1965 n.3 (2007).

23

24

25

26

27

28

[1] Dhillon previously moved to dismiss the original Complaint, which was set for
hearing on October 3, 2011.  Plaintiff filed his First Amended Complaint on
September 16, 2011.  The Court has taken the original motion to dismiss under
submission.

1    Furthermore, where a complaint alleges fraud, it must "state with particularity

2   the circumstances constituting fraud. . . ." Fed. R. Civ. P. 9(b).  Fraud must be pled

3   "with a high degree of meticulousness." *Desaigoudar v. Meyercord*, 223 F.3d 1020,

4   1022-23 (9th Cir. 2000).

5    In diversity cases, a federal court applies state law as to the substantive

6   elements of fraud, but those elements must be pleaded with the specificity required

7   by federal law. *See Moore v. Brewster*, 96 F.3d 1240, 1245-46 (9th Cir. 1996).

8

9   III.  Plaintiff's First and Third Causes of Action Fail to State a Claim Against

10         Dhillon Because Plaintiff Has Not Alleged Any Fraud By Dhillon

11    The First Amended Complaint's ("FAC") First Cause of Action for false

12   promise and Third Cause of Action for rescission based on fraud seek to rescind a

13   release of liability that Plaintiff claims he was fraudulently induced to give the

14   Defendants.  However, Plaintiff fails to allege fraud adequately against any

15   defendant, and in particular fails to allege any fraudulent representations made by

16   Dhillon.

17    Under California law, the elements of an action for fraud are: (1)

18   misrepresentation; (2) scienter (knowledge of falsity); (3) intent to defraud; (4)

19   justifiable reliance; and (5) resulting damage. *See Small v. Fritz Companies, Inc.*, 30

20   Cal.4th 167, 174 (2003).

21    Furthermore, under both California law and Federal Rule of Civil Procedure

22   9(b), Plaintiff must specifically state the time, place or manner of the purported

23   fraudulent acts each defendant committed. *See Williams v. WMX Technologies, Inc.*,

24   112 F.3d 175, 178 (5th Cir. 1997) ("the who, what, when, and where must be laid out

25   before access to the discovery process is granted."); *Lazar v. Superior Court*, 12

26   Cal.4th 631, 645 (1996) (plaintiff must plead facts that "show how, when, where, to

27   whom, and by what means the representations were tendered"); *Goldrich v. Natural*

28   *Y Surgical Specialties,* 25 Cal.App.4th 772, 783 (1994) (where plaintiff merely

1    alleged that defendants "falsely and fraudulently" represented that their products
2    were safe, court found pleading failed to meet the required specificity for fraud since
3    it could not be determined what was said or by whom or in what manner).

4        Plaintiff has failed to do so. The FAC's allegations are insufficient for two
5    independent reasons.

6             *A.*     *The Allegations Are Not Made With Particularity As To Any*
7                  *Defendant*

8        The supposedly false representations by M. Patel and C. Patel are not pled
9    with particularity. Plaintiff alleges repeatedly that Mehul Patel "promised that
10    Sangha would receive a promissory note made by Dhillon, Sahani and Kataria in the
11    amount of $173,000 for the balance of Sangha's investment in the Corsicana
12    properties, which would be secured by second trust deeds on Dhillon's properties in
13    Sherman and Sweetwater that had sufficient equity to cover the October 2, 2009
14    Promissory Note. That representation was false." FAC, ¶ 61.

15        But Plaintiff admits that he did receive a promissory note, *see* FAC ¶ 64, so
16    the only basis for his allegation that Mehul Patel's representations were false is
17    Plaintiff's claim that the note was "worthless," which rests on Plaintiff's allegation
18    that he "is informed and believes that Mehul Patel knew" that two deeds of trust had
19    been recorded in September 2009. FAC, ¶ 61.

20        This is insufficient to support a claim for fraud. As the events of recent years
21    have amply demonstrated, property values can change quickly, and properties that
22    have owner equity today can be "underwater" tomorrow. Any representations as to
23    the equity of the properties or their ability to secure the note are not actionable. *See*
24    *Nibbi Brothers, Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal.App.3d 1415, 1423
25    (1988) ("[P]redictions as to future events, or statements as to future action by some
26    third party, are deemed opinions, and not actionable fraud.") (internal quotation
27    marks omitted); *Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*, 86 Cal.App.4th
28    303, 308 (2000) ("Representations of value are opinions.")(citation omitted).

---

DEFENDANT JAGMOHAN DHILLON'S 12(b)(6) MOTION TO DISMISS FAC - 3

1         *B.*    *The Allegations Are Not Made With Particularity As To Dhillon*

2       Even assuming that the allegations regarding the supposedly fraudulently

3 induced release were sufficient against Mehul Patel – which they are not, as shown

4 above – they fail to establish any fraudulent conduct by Dhillon.

5       Nowhere does Plaintiff allege that *Dhillon* made any false representations to

6 Plaintiff to obtain the release. The FAC tries to blur together all the defendants

7 under the generic title "Defendants," but this is insufficient. *See Sanford v.*

8 *MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) ("[t]o avoid dismissal for

9 inadequacy under Rule 9(b), [the] complaint would need to state the time, place and

10 specific content of the false representations *as well as the identities of the parties to*

11 *the misrepresentation*.") (alterations in original; internal quotation marks omitted

12 and emphasis added).

13       More importantly, it is clear that Dhillon is not alleged to have made any of

14 the supposedly fraudulent inducements to the release. The FAC repeatedly

15 identifies Mehul Patel as the person to whom Plaintiff spoke regarding the release

16 and promissory note. *See* FAC ¶¶ 59 ("Mehul Patel called Sangha. . . ."); 63

17 ("Mehul Patel came to Los Angeles to meet again with Sangha. . . . Mehul Patel

18 affirmed his promises and representations. . . .").

19       Plaintiff attempts to implicate Dhillon by alleging that Mehul Patel was acting

20 on Dhillon's behalf, but the only support offered for that allegation is that Mehul

21 Patel allegedly said so. There is no allegation that Dhillon ever made any

22 representations to Plaintiff regarding the release and promissory note or the equity in

23 the properties, or that he even knew about, much less authorized or ratified, any such

24 representations by Mehul Patel.

25       Accordingly, the First and Third Causes of Action must be dismissed.

26

27

28

---

IV.  The Second Cause of Action Fails

The Second Cause of Action also seeks to rescind the release agreement, on the purported grounds of "failure of consideration." However, that cause of action is based on Plaintiff's assertion that "[t]he October 2, 2009 Promissory Note secured by the Sherman and Sweetwater properties was a material part of the consideration for the Release." FAC, ¶ 74.

Plaintiff's failure of consideration theory is without merit. Even though Plaintiff alleges that there was a written release agreement, *see* FAC ¶ 64, he does not identify any provisions in the Mutual Release that condition its enforceability on the Note or the equity in the properties. Indeed, he does not allege that the Mutual Release was breached at all.

V.  Plaintiff's Fourth, Fifth, and Sixth Causes of Action Fail

Plaintiff's fourth, fifth, and sixth causes of action, for fraud , breach of fiduciary duty, and fraudulent concealment, concern the supposed "underlying fraud" that was the subject of the release. These claims fail.

Plaintiff admits that he gave the defendants a release of liability on these claims. *See* FAC, ¶ 65. Accordingly, Plaintiff's Fourth, Fifth, and Sixth Causes of Action are dependent on his first three causes of action for rescission. Without a rescission of the release, the fourth through sixth causes of action are barred. Because, as shown in the preceding sections, the rescission claims fail, so too must these claims.

VI.  Plaintiff's Business and Professions Code § 17200 Claim Fails

The Seventh Cause of Action for Unfair Business Practice under California Business and Professions Code § 17200 is expressly linked to the previous claims for fraud and provides no further allegations. *See* FAC, ¶¶ 104-106. Accordingly, it fails for the same reasons as the prior claims.

VII.  Conclusion

Based on the aforementioned arguments, as well as arguments raised during the hearing on this motion, Dhillon respectfully requests that the Court grant this motion and dismiss Plaintiff's first, second, third, fourth, fifth, sixth, and seventh causes of action against Dhillon.

DATED: October 3, 2011

LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION

JIM D. BAUCH
Attorneys for Defendants Jagmohan
Dhillon, Gurender S. Sahani, and Tarlochan
S. Kataria

DEFENDANT JAGMOHAN DHILLON'S 12(b)(6) MOTION TO DISMISS FAC - 6